UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

| | |
|---|---|
| DAVID EARLEY, | Case No.:   3:26-cv-315 |
| Plaintiff, | Dunn County Case No.:   2025CV000230 |
| v. | |
| WILLY PETERSON, ACE PROPERTY AND CASUALTY INSURANCE COMPANY and HTS LOGISTICS INC., | |
| Defendants. | |

---

## NOTICE OF REMOVAL

---

TO:   THE JUDGES OF THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants, Willy Peterson, ACE Property and Casualty Insurance Company, and HTS Logistics Inc., by and through their attorneys, Hinshaw & Culbertson LLP, hereby remove this action from the Circuit Court of Dunn County State of Wisconsin to the United States District Court for the Western District of Wisconsin. In support of removal, Defendants state as follows:

1. The basis for removal is diversity jurisdiction.

2. United States District Courts have jurisdiction over all actions where the matter in controversy is in excess of $75,000, exclusive of interest and costs, and where the action is between citizens of different states. *Sykes v. Cook Inc.*, 72 F.4th 195, 205 (7th Cir. 2023) (citing 28 U.S.C. § 1332(a)).

## AMOUNT IN CONTROVERSY

3. The thirty (30) day removal period does not begin to run until the defendant receives a pleading or other paper during the course of litigation "that affirmatively and

1094080\328996321.v1

unambiguously reveals that the predicates for removal are present." *Walker v. Trailer Transit, Inc.*, 727 F.3d 819, 824-25 (7th Cir. 2013).

4.   As set forth by the Seventh Circuit, when the aforementioned rule is "applied to the amount-in-controversy requirement, the clock commences *only* when the defendant receives a post-complaint pleading or other paper that affirmatively and unambiguously specifies a damages amount sufficient to satisfy the federal jurisdiction minimums." *Id.* at 825 (emphasis in original).

5.   Plaintiff David Earley ("Plaintiff") commenced this action on September 24, 2025, by filing a complaint (the "Complaint") against Defendants in the Circuit Court of Dunn County, Wisconsin captioned *David Earley v. Willy Peterson*, *et al.*, Case No. 2025CV000230 (the "State Court Action."). A true and correct copy of the Complaint is attached hereto as **Exhibit A**.

6.   The Complaint did not affirmatively and unambiguously specify a damages amount sufficient to satisfy the federal jurisdiction minimums. (*See* Ex. A). In fact, the Complaint did not set forth any amount for damages. (*Id.*).

7.   On March 11, 2026, Plaintiff served upon Defendants' his answers to Defendants First Set of Interrogatories and Requests For Production of Documents. A true and correct copy of Plaintiff's Answers to Defendants First Set of Interrogatories and Requests For Production of Documents is attached hereto as **Exhibit B**.

8.   Plaintiff's response to Interrogatory No. 7 is as follows:

INTERROGATORY NO. 7: Please give an account itemized as fully and as carefully as you can of all current and future losses and expenses which you claim to have suffered, or will suffer, as a result of the Accident.

| ANSWER: | Mankato Clinic | $ 1,596.23 |
|---|---|---|
| | Mayo Clinic – Rochester | $ 136,170.72 |
| | Healthpartners Park Nicollet Maple Grove | $ 991.00 |
| | North Memorial Health Hospital | $ 1,600.00 |
| | Dr. Kroll's Health Solutions | $ 417.00 |
| | Mayo Clinic Health System Rochester | |

1094080\328996321.v1

|  |  |
|---|---|
| & Eau Claire | $ 2,471.00 |
| Total | $143,245.95 |

9.    The above response is the first time the Plaintiff affirmatively and unambiguously specified a damages amount sufficient to satisfy the federal jurisdiction minimums.

10.    Thirty (30) days from the date Plaintiff served upon Defendants' his answers to Defendants First Set of Interrogatories and Requests For Production of Documents is Friday, April 10, 2026.

11.    Accordingly, this Notice of Removal is timely filed. *Walker*, 727 F.3d at 824-25; 28 U.S.C. § 1446(b)(3).

## DIVERSITY OF CITIZENSHIP

12.    Complete diversity of citizenship exists in this matter.

13.    Plaintiff is domiciled in the State of Minnesota.

14.    Defendant Willy Peterson is domiciled in the State of Florida.

15.    Defendant HTS Logistics Inc. is a corporation organized under the laws of Illinois and has a principal place of business at 608 S. Washington St., Suite 302, Naperville, Illinois 60540. Defendant HTS Logistics Inc.'s public corporate records with the State of Illinois is attached hereto as **Exhibit C**. Accordingly, under 28 U.S.C. § 1332(c)(1), Defendant HTS Logistics Inc. is a citizen of Illinois.

16.    Defendant ACE Property and Casualty Insurance Company is a corporation organized under the laws of Pennsylvania and has a principal place of business at 436 Walnut Street, Philadelphia, Pennsylvania 19106. Defendant ACE Property and Casualty Insurance Company's public corporate records with the State of Pennsylvania is attached hereto as **Exhibit D**. Accordingly, under 28 U.S.C. § 1332(c)(1), Defendant ACE Property and Casualty Insurance Company is a citizen of Pennsylvania.

1094080\328996321.v1

17.     An insurance company assumes the citizenship of the insured only when the plaintiff brings a direct action against the insurer without joining or first obtaining a judgment against the insured. *Gateway Residences at Exch., LLC v. Ill. Union Ins. Co.*, 917 F.3d 269, 272 (4th Cir. 2019) (citing *Kong v. Allied Prof'l Ins. Co.*, 750 F.3d 1295, 1299 (11th Cir. 2014)); 28 U.S.C. § 1332(c)(1).

18.     Because Defendant ACE Property and Casualty Insurance Company is alleged to be the insurance provider of Defendants HTS Logistics Inc. and/or Defendant Willy Peterson (Ex. A at 4, ¶ 4) and they are all named as defendants, Defendant ACE Property and Casualty Insurance Company does not assume Defendants HTS Logistics Inc.'s and/or Defendant Willy Peterson's citizenship. *Gateway Residences at Exch., LLC*, 917 F.3d at 272; *Kong*, 750 F.3d at 1299; 28 U.S.C. § 1332(c)(1).

## ALL PROCEDURAL REQUIREMENTS HAVE BEEN MET

19.     Pursuant to 28 U.S.C. § 1441(a), removal to this Court is appropriate because it is the District within which the State Court Action is pending.

20.     In accordance with 28 U.S.C. § 1446(a) a copy of all filings currently available from the State Court Action, along with a copy of the docket sheet for the State Court Action, is attached hereto as **Exhibit E**.

21.     28 U.S.C. § 1446(b)(2)(A) provides that "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." Here, all defendants who have been properly joined and served consent to removal.

22.     Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be served upon Plaintiff and will be filed with the Clerk of the Circuit Court of Dunn County, Wisconsin.

4

23.    By filing this Notice of Removal, Defendants do not waive any defenses available to them, including but not limited to defenses relating to service of process and jurisdiction. Defendants further do not concede that Plaintiff has stated a valid claim for relief or is entitled to the damages sought.

WHEREFORE, the Defendants respectfully requests that the above action now pending against them in the Circuit Court for the State of Wisconsin, in and for Dunn County, be removed to the United States District Court for the Western District of Wisconsin.

Dated this 9th day of April, 2026

**HINSHAW & CULBERTSON LLP**
*Attorneys for Defendants Willy Peterson, ACE Property and Casualty Insurance Company and HTS Logistics Inc.*

*Electronically Signed by Andrew P. Trevino*
Andrew P. Trevino
State Bar No. 1097542
Peyton K. Phillips
State Bar No. 1122141

ADDRESS:
790 North Water Street, Suite 1950
Milwaukee, WI 53202
Phone:  414-225-4830
atrevino@hinshawlaw.com
pphillips@hinshawlaw.com

5

1094080\328996321.v1